UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAYNE EDMUND WILSON #258602,

        Plaintiff,

v.

UNKNOWN WOLLAN, et al.,

        Defendants.

_____/

Case No.  2:23-cv-00013

Hon.  Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

On July 14, 2023, Plaintiff state prisoner Dwayne Wilson filed a motion for an injunction. (ECF No. 27.)  Wilson requests a hearing and injunctive relief against Corrections Officers who are employed at the St. Louis Correctional Facility.  None of these individuals are Defendants in this action.  Wilson says these Corrections Officers are harassing him and denying him access to the courts.  Wilson requests a lie detector test to prove that he was set up.

Wilson filed this lawsuit alleging that on August 27, 2022, Corrections Officer Wollan closed the cell door on him, which caused injuries, and then denied him medical care. (ECF No. 1, PageID.3.)  The alleged events occurred at the Chippewa Correctional Facility. (*Id.*)  Wilson says that he was moved to another unit where Defendants Woodard and Miller began harassing him, and Defendant Volick told him that he would not get a single cell. (*Id.*, PageID.6.)  Wilson also says that Nurse

Practitioner Bucanna told him there was nothing wrong with him and refused to provide care. (*Id.*, PageID.10.)

At some point, Wilson was transferred to the St. Louis Correctional Facility. Officers at that facility are the subject matter of Wilson's injunctive relief request. Wilson's request for injunctive relief necessarily fails because the subject matter of his injunctive relief request is unrelated to his underlying lawsuit, occurred at a different prison facility, and none of the Defendants were allegedly involved.

**II. Analysis**

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an

order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Wilson has not even attempted to establish that there is a strong or substantial likelihood of success on the merits of his underlying action.

In addition, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010). Wilson's request for injunctive relief is against individuals at another prison who have nothing to do with his underlying complaint.

A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Plaintiff has failed to assert factors that establish that he will suffer irreparable harm in the absence of an injunction.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

### III. Recommendation

Therefore, the undersigned respectfully recommends that the Court deny Plaintiff's motion for injunctive relief. (ECF No. 27.)

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: July 20, 2023                    /s/ *Maarten Vermaat*
                                        Maarten Vermaat
                                        U.S. MAGISTRATE JUDGE