UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAYNE EDMUND WILSON, #258602,          )
                        Plaintiff,      )
                                        )          No. 2:23-cv-13
-v-                                     )
                                        )          Honorable Paul L. Maloney
UNKNOWN WOLLAN, *et al.*,               )
                        Defendants.     )
_____   )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Dwayne Wilson, a prisoner under the control of the Michigan Department of Correction (MDOC), filed this civil rights complaint. Three Defendants—Woodard, Miller and Vollick—filed a motion for summary judgment arguing that Plaintiff failed to properly exhaust his administrative remedies (ECF No. 33). Plaintiff also filed a motion for summary judgment (ECF No. 43). The Magistrate Judge issued a report recommending the Court grant Defendants' motion and deny Plaintiff's motion. Plaintiff filed objections (ECF No. 49). The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge summarizes the claims against each of the three defendants and the relevant grievances before concluding that Plaintiff failed to properly exhaust the grievance procedure.  The Court has endeavored to address Plaintiff's objections.

1.  Pleadings.  Plaintiff argues that he pled exhaustion in his complaint.  The Court overrules this objection.  On a motion for summary judgment, the Court considers the evidence in the record and does not give weight to unsubstantiated factual allegations.  The Magistrate Judge found that Plaintiff did not file a verified complaint.  Plaintiff did not object to this factual finding.

2.  Proper Exhaustion.  Plaintiff argues that he did exhaust his administrative remedies because the Step 3 documents make it clear that Plaintiff had no additional administrative steps to take.  The Court overrules this objection.  As explained in detail in the R&R, a prisoner must *properly* exhaust the administrative process; simply receiving a Step 3 denial does not satisfy the exhaustion requirement.  Defendants have established that Plaintiff either failed to grieve the situation giving rise to his claims or failed to properly follow the grievance procedure.

3.  General Objection.  Plaintiff makes multiple assertions that he followed the exhaustion requirements through Step III.  The Court overrules this objection.  Plaintiff does not address the specific factual findings in the R&R concerning each grievance relevant to each claim against these three defendants.

4.  Grievance #0966-17e.  Plaintiff contends he asked for a Step II the same day he received the denial of his Step I.  However, he did not receive the Step II until Friday, July 8, the same day he was supposed to return it if he wished to appeal the denial of Step I.  The

documents indicated that MDOC received the Step II appeal on Monday, July 11, which the MDOC then denied as untimely. Plaintiff does not deny that he submitted the Step II appeal late, instead he seeks to provide a justification for the delay. Plaintiff did not file any response to Defendants' motion.  Plaintiff has not submitted any evidence to establish when he received the denial of his Step I grievance or when he received the Step II form; his unsupported assertion does not meet his burden to create a genuine issue of material fact to oppose Defendants' motion.  The documents Plaintiff attaches to his objection, which are the same grievance documents attached to Defendants' motion, do not provide the support necessary to demonstrate proper exhaustion.

5.  Plaintiff's Motion for Summary Judgment.  Plaintiff argues that the Magistrate Judge did not address his motion and simply recommended denying it.  The Court overrules this objection.  The Magistrate Judge explained the need for evidence at the summary judgment stage, which Plaintiff has not put into the record.

For these reasons, the Court **ADOPTS** the report and recommendation (ECF No. 45).  The Court **GRANTS** Defendants' motion for summary judgment (ECF No. 33) and dismisses Defendants Woodard, Miller and Vollick.  The Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 43).  **IT IS SO ORDERED.**

Date:____November 16, 2023_____                        /s/  Paul L. Maloney_____
                                                                              Paul L. Maloney
                                                                              United States District Judge