UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DWAYNE EDMUND WILSON, #258602, ) <br> Plaintiff, ) <br> ) <br> -v- ) <br> ) <br> UNKNOWN WOLLAN, *et al.*, ) <br> Defendants. ) <br> ) | No. 2:23-cv-13 <br><br> Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Wilson, a prisoner under the control of the Michigan Department of Corrections, alleges Defendants violated his civil rights. Plaintiff contends Defendant Wollan, a corrections officer, intentionally closed a cell door on Plaintiff's arm and then denied Plaintiff medical care by delaying a trip to see the medical staff. Plaintiff also pleads a claim against Defendant Buchanan, a nurse practitioner, for denial of medical care. Defendants separately filed motions for summary judgment (ECF Nos. 80 and 82). The Magistrate Judge issued a report recommending the Court grant the motions (ECF No. 88). Plaintiff filed objections (ECF No. 89). Plaintiff insists that evidence exists to prove his claims and to dispute the facts presented by Defendants. But, Plaintiff has not put any of that evidence in the record. The Court will adopt the Report and Recommendation and will grant the motions for summary judgment.

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### B. Mistaken Reference

In one sentence on page 6 of the R&R, the Magistrate Judge mistakenly refers to Defendant Wollan as Wilson. Plaintiff objects. The Court concludes that correction of this error would not change the outcome.

### C. Official Capacity

The Magistrate Judge recommends concluding that Plaintiff pleads only an official capacity claim, for which Plaintiff cannot obtain damages. Plaintiff contends he simply filled out the federal complaint and identified Defendant's job title. The Court overrules this objection. The Court assumes Plaintiff did not understand the difference between an official capacity claim and a personal capacity claim when he completed the complaint. Defendant Wollan's motion for summary judgment carefully explains the difference and explains the significance of the difference. Plaintiff did not sufficiently address the distinction in his response. The Magistrate Judge also explains the difference and the legal significance of the distinction in the report and recommendation. In his objection, Plaintiff still fails to grasp the distinction. His objection does not address either the facts or the law outlined in the R&R. Even if this Court were to agree with Plaintiff that he intended to bring a personal

capacity claim against Wollan, the outcome would be the same because the Court will dismiss the Eighth Amendment claim.

### D. Eighth Amendment Claim

#### 1. Defendant Wollan

The Magistrate Judge concludes that the record lacks evidence to support the subjective component of an Eighth Amendment use of force claim against Defendant Wollan. Defendant Wollan submitted an affidavit explaining why the event amounted to an accident. Plaintiff did not submit any evidence to contradict or create a question of fact about Wollan's intent. Plaintiff does not address any finding of fact or conclusion of law. The Court overrules Plaintiff's objection. It is not clear to the Court how the video footage to which Plaintiff alludes would establish Defendant's intent. Plaintiff does not indicate how any of the witnesses would be able to tell the Court about Defendant's intent. Plaintiff disagrees with Defendant's description of how the cell doors work, but Plaintiff did not put any evidence in the record to support his assertions. Defendant does not dispute that the event occurred; Defendant disputes that he intentionally caused the door to close.

The Magistrate Judge also concludes that the record lacks evidence to support a claim against Defendant Wollan for denial of medical care. Specifically, Plaintiff has not demonstrated any injury that occurred as the result of the delay (four hours) between the door incident and when Plaintiff was taken to the medical staff. Nor has Plaintiff put into the record any evidence from which the Court could infer that Defendant's decision to delay taking Plaintiff to see the medical staff was for the purpose of making Plaintiff suffer. Plaintiff

does not raise a specific objection to any particular finding of fact or conclusion of law. The Court overrules Plaintiff's objection.

### 2. Defendant Buchanan

The Magistrate Judge concludes the record does not support an Eighth Amendment claim against Defendant Buchanan for the failure to provide medical care. The Magistrate Judge summarizes the medical care Plaintiff received. Plaintiff does not object to any particular finding of fact or conclusion of law. To the extent Plaintiff disagrees with the care he did receive, the Court agrees with the Magistrate Judge that Plaintiff has not satisfies his burden to create a genuine issue of fact for trial. The Court overrules Plaintiff's objection concerning his claim against Defendant Buchanan.

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 88) and **GRANTS** Defendants' motions for summary judgment (ECF Nos. 80 and 82).  **IT IS SO ORDERED.**

Date:   November 4, 2024                            /s/  Paul L. Maloney  
                                                                   Paul L. Maloney  
                                                                   United States District Judge